[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 97-1650

ANDRES GOTAY-FIGUEROA, ET AL.,

Plaintiffs, Appellants,

v.

MUNICIPALITY OF SAN JUAN, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge] 



Before

Selya, Circuit Judge, 
Campbell, Senior Circuit Judge, 
and Lynch, Circuit Judge. 



Frederic Chardon Dubos on brief for appellants. 
Jose Angel Rey on brief for appellees. 



October 14, 1997


Per Curiam. Appellants are present or former city 

police officers for the Municipality of San Juan. They claim

their employer has violated the Fair Labor Standards Act, 29

U.S.C. 201 et seq. ("FLSA"), in two respects: 1) by

failing to pay overtime as required by subsection 207(a),

even though they worked more than 40 hours per week; and 2)

by giving them compensatory time in lieu of overtime pay for

hours worked in excess of 35 or 40 hours per week,1 in 1

violation of subsection 207(o).

Both arguments fail for the same reason. Appellants do

not become eligible for payment of overtime wages until they

have worked 43 hours per week; see 29 U.S.C. 207(k) and 29 

C.F.R. 553.230(b) & (c). The rule applies to law

enforcement personnel who have a seven to 28 day "work

period." Their argument that this special rule for law

enforcement officers does not apply to them, since they never

work seven consecutive days, is specious. A "work period" 

is not a "duty cycle." Instead, it is a recurring period of

work, from seven to 28 days, which the employer sets up ahead

of time for determining whether an employee is eligible for

 

1Appellants seem to claim they were entitled to overtime 1
pay for hours worked in excess of 35 per week; apparently
local law is more generous than federal law with regard to
municipal employees; see Ordinance No. 58, Municipality of 
San Juan, June 28, 1985. Whether appellants allege they were
entitled to overtime pay under the FLSA after working 35
hours or 40 hours, they still fail to allege a violation of
the FLSA. See text infra. 

-2-

overtime pay in any given period. 29 C.F.R. 553.224(a).

Appellants have not alleged they were required to work more

than 43 hours in a work period without additional

compensation, so they have failed to allege or show facts to

support their claims.

Affirmed. Loc. R. 27.1. 

-3-